### JOHN SCISM v. STATE.

No. A-4475.    Opinion Filed Dec. 4, 1924.
(230 Pac. 941.)

(Syllabus.)

**Intoxicating Liquors—Evidence Sustaining Conviction for Unlawful Sale.** In a prosecution for selling intoxicating liquor, evidence held insufficient to sustain a conviction.

Appeal from County Court, Roger Mills County; E. E. Tracey, Judge.

John Scism was convicted of a violation of the prohibitory liquor law, and he appeals. Reversed.

W. H. Mouser, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case charges that in Roger Mills county, on or about the 1st day of March, 1922,

the defendant, John Scism, "did then and there unlawfully, knowingly, and willfully sell two gallons of spirituous liquor, to wit, whisky, to one O. F. Yell."

Upon his trial, the jury returned a verdict of guilty, leaving the punishment to be fixed by the court. August 19, 1922, the court sentenced the defendant to confinement in the county jail for 60 days, and to pay a fine of $300. To reverse the judgment, an appeal was taken by filing in this court, on October 20, 1922, a petition in error with case-made.

While the motion for a new trial and the petition in error each contain various assignments of error, the questions discussed in the brief, and relied upon to secure a reversal, are confined to very narrow limits.

The first contention is that the trial court erred in overruling the defendant's motion for a continuance when the case was called for trial. The affidavit is in part as follows: That one Harold Russell is a material witness; that said absent witness was duly subpoenaed to be present at this trial; that defendant expects to prove by said witness that on or about the 1st day of March, 1922, he was at the defendant's place, when O. F. Yell and another man rode up to where he and John Scism were at work, and was present all the time while they were there and saw them ride away, and that the defendant did not at that time sell to O. F. Yell, or any one else, two gallons of whisky, or any other amount of intoxicating liquor; that the facts set forth are true, and that said evidence cannot be furnished by any other witnesses.

The granting or refusing of a continuance rests in the sound discretion of the trial court, and a ruling of that court will not be reviewed, unless an abuse of discretion is shown. We think there was no error in overruling the motion for a continuance.

It is insisted that the verdict is not sustained by sufficient evidence. The undisputed facts are that O. F. Yell and Oron Kelly were hunting on horseback and rode into the defendant's place, and on leaving there went a half mile south to the Blue Ridge schoolhouse, and about 100 yards from the schoolhouse found four half-gallon jars of corn whisky in a "shinnery" patch.

O. F. Yell testified that while there he gave the defendant two checks, for $8 each, in payment of borrowed money. Oron Kelly asked the defendant if he knew where a man could find a drink, and Mr. Scism said a man stopped there and got out, and maybe hid some whisky in the "shinnery" patch; that he did not buy any whisky from the defendant, and neither did Oron Kelly buy any. Harold Russell was present all the time.

Oron Kelly, the second witness for the state, testified that he and Yell were up on the Meridian Lake hunting ducks, and went over to the defendant's place, and something was said about whisky, and the defendant said, "You might find some near a 'shinnery' patch" that was about a half a mile from his house: that he saw a car stop there; that Mr. Yell did not buy any whisky from John Scism that day, and he never bought any from him.

Over the defendant's objection, L. B. Guinn, deputy sheriff, was permitted to testify as follows:

"Q. Did Oscar Yell and Oron Kelly tell you that they had bought whisky from John Scism? A. I heard that they had bought whisky from John Scism, and I went to Yell first, and asked him if he had got some whisky from John Scism; and he asked me if I told it, and had got some whisky, what would they do with him. He told him they would do nothing with him, only have him as a witness, and he said he gave Mr. Scism a check, and Mr. Scism told him where he could find some whisky."

On the part of the defense, O. F. Yell testified:

"I told Mr. Guinn that I got some whisky in a 'shinnery' patch. I do not think I ever told him that I bought any whisky from Mr. Scism. More than a month before I borrowed $16 from Mr. Scism at C. B. Cotton's store, to finish paying for two tires, and I went up there with a check for $8, intending to pay one-half of it, and there decided to finish paying it, and gave him another check for $8. The checks were never paid; my father had taken the money."

As a witness in his own behalf John Scism testified that he had lived with his family on that farm about 22 years; that he had loaned O. F. Yell $16 at Cotton's store to pay for two casings that Mr. Cotton had ordered for him; that Mr. Yell and Mr. Kelly came to his place, and Mr. Yell gave him a check for $8, saying that he would pay him one-half of what he owed, and decided to pay it all, and gave him another check for $8; that after that Kelly said something about whisky, and he told him he saw a car over south there make two trips to the "shinnery" patch on the Mathew's place; that the car stopped at the "shinnery" patch about an hour before; that he had no reason to know whether or not the man in the car left whisky there; that he was never in court before. In rebuttal, L. B. Quinn was recalled and testified that Oron Kelly told him that he saw O. F. Yell give the defendant a check, and the defendant told him where he would find some whisky.

As a general rule, the state is bound by the testimony of its own witnesses. In this case the witnesses for the state, not only failed to testify that they purchased whisky from the defendant as charged, but they repeatedly stated that they did not purchase any whisky, and that none was purchased from the defendant in their presence.

Apparently the testimony relied upon by the state to convict in this case was purely hearsay testimony, admitted

over the defendant's objection. It needs no argument to show that the testimony of the deputy sheriff, as to statements made by the other two witnesses for the state to him, in the absence of the defendant, was inadmissible and prejudicial to the defendant.

Because the evidence is insufficient to support the verdict, the judgment of the lower court is reversed.

MATSON, P. J., and BESSEY, J., concur.